NOT FOR PUBLICATION                                      CLOSED

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                              :
WIFREDO VIDAL,                :
                              :
            Petitioner,       :          Civil Action No. 05-988 (JAP)
                              :
     v.                       :          **OPINION**
                              :
UNITED STATES OF AMERICA,     :
                              :
            Respondent.       :
_____:

Appearances:

WIFREDO VIDAL
3705 Kennedy Blvd.
Jersey City, New Jersey  07307
          Pro se Petitioner

CHRISTOPHER J. CHRISTIE
United States Attorney
DEBORAH L. GOLDKLANG
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
          Attorney for Defendant

PISANO, District Judge.

Before the Court is Petitioner, Wifredo Vidal's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The United States filed an answer in response to the motion.  For the reasons set forth below, the Court denies Petitioner's motion.

I.     **Factual History**[1]

Petitioner was employed as a construction code official and electrical inspector for several Hudson County municipalities.  In this capacity, Petitioner was responsible for inspecting electrical work, issuing permits and certificates of occupancy, granting variances through the town's planning boards, and enforcing building and electrical codes.   In addition to these positions, Petitioner owned and operated Comprehensive Inspection Agency, Inc. ("Comprehensive") a company which performed electrical inspections for several Hudson County municipalities.

On June 22, 2000, a grand jury indicted Petitioner for extorting bribes from business owners seeking permits to complete construction projects in violation of the Hobbs Act, 18 U.S.C. § 1951(a) and for filing false tax returns in violation of 26 U.S.C. § 7206(1).  In sum, the Government alleged that Petitioner used his position of authority to extort payments from individuals and businesses seeking permits to perform construction or electrical work in Hudson County.  Petitioner purportedly would threaten to stop work on the project if his victims did not

_____

[1]  The statement of facts is compiled from the answer submitted by the United States Attorney for the District of New Jersey.  Petitioner did not set forth the facts in his motion.  The United States asserts in its answer that it derived the facts "in large measure from transcripts of proceedings; the record cited in the appellate brief submitted on behalf of the Government in United States v. Wifredo Vidal, Third Circuit Docket No. 03-1071; and the Third Circuit's opinion affirming the convictions at 85 Fed. Appx. 858 (3d Cir. Jan. 27, 2004)."

pay him.  Further, in order to pressure his victims into making the payments, Petitioner would delay the permit and inspection process.  After receiving the extortion payment, Petitioner approved the electrical work without reinspecting the site.  In addition to extortion, the Government claimed that Petitioner made and subscribed false individual tax returns from 1994 through 1997 and false corporate tax returns for Comprehensive from 1994 through 1996.

The criminal case against Petitioner was originally before the Hon. Harold A. Ackerman. On January 11, 2001, Judge Ackerman held a hearing on Petitioner's motion to suppress certain statements he made to Federal Bureau of Investigation and Internal Revenue Service agents on December 3, 1998, the date that agents executed a search warrant of Petitioner's home. Petitioner claimed that the agents violated his rights under Miranda v. Arizona, 384 U.S. 436 (1966).  On January 11, 2002, Judge Ackerman denied Petitioner's motion to suppress.

The Honorable Joel A. Pisano was thereafter assigned to this case and presided over Petitioner's jury trial in June 2002.  During the trial, four witnesses testified that Petitioner delayed construction and/or electrical work on their projects until they gave him "something." The jury convicted Petitioner on four counts of extortion for using his position as a public official to extort payments from four small business owners seeking building permits in violation of the Hobbs Act, 18 U.S.C. § 1951 and on seven counts of filing false tax returns in violation of 26 U.S.C. § 7206(1).

The Court sentenced Petitioner on December 16, 2002 to forty-one months of imprisonment on the Hobbs Act extortion counts and thirty-six months on the false tax returns counts.  These terms were to run concurrently.   In calculating the sentence, the Court adopted recommendations by United States Probation Office ("Probation Office") in its Pre-Sentence

Investigation Report ("PSI Report") and gave Petitioner two sentencing enhancements to his base

offense level pursuant to United States Sentencing Commission, <u>Guidelines Manual</u> § 2C1.1,[2]

which applies to violations of the Hobbs Act, 18 U.S.C. § 1951(a).  <u>See</u> U.S.S.G. § 2C1.1

comment. (backg'd) (stating that section 2C1.1 applies to "Hobbs Act extortion, or attempted

extortion, under color of official right in violation of 18 U.S.C. § 1951").  First, the Court gave

Petitioner an eight-level sentencing enhancement due to his role as an official holding a high-

level decision-making or sensitive position.  <u>See</u> U.S.S.G. § 2C1.1(b)(2)(B).[3]  The Court also

gave Petitioner a two-level sentencing enhancement because the two payments made by victim

Ceasar Gonzalez to Petitioner constituted separate actions.  <u>See</u> U.S.S.G. § 2C1.1(b)(1).

Petitioner did not object to these sentencing enhancements.  Accordingly, with these

enhancements, Petitioner's sentencing range under the United States Sentencing Guidelines was

thirty-seven to forty-six months.  Petitioner's ultimate sentence of forty-one months was

therefore within this range.

Petitioner appealed from the judgment of conviction to the United States Court of

Appeals for the Third Circuit.  Petitioner was represented by the same counsel, namely, Peter

Willis, Esq., at trial and on appeal.  On appeal, Petitioner (1) challenged Judge Ackerman's

---

[2]  The United States Probation Office used the 2002 Edition of the United States
Sentencing Commission Guidelines Manual in preparing its Pre-Sentence Investigation Report.
The Court will accordingly use this edition throughout this opinion.  In any event, it does not
appear that the guideline provisions at issue in this matter have materially changed.

Furthermore, in its answer, the United States refers to the Pre-Sentence Investigation
Report as the "PSR," the "PSR Report," and the "PSI Report."  The Court notes this discrepancy
and will use the term "PSI Report" throughout this opinion.

[3]  In its answer, the United States's citation to § 2C1.1(b)(2)(A) is incorrect.  The correct
citation is § 2C1.1(b)(2)(B).

denial of his motion to suppress; and (2) claimed that there was insufficient evidence to uphold

his conviction under the Hobbs Act, 18 U.S.C. § 1951(a), because his victims were not

substantially engaged in interstate commerce.  United States v. Vidal, No. 03-1071, 85 Fed.

Appx. 858 (3d Cir. Jan. 27, 2004).   On January 27, 2004, the Third Circuit rejected Petitioner's

arguments and affirmed his conviction.  Petitioner did not file a petition for certiorari in the

United States Supreme Court.

Petitioner filed the instant § 2255 motion on February 14, 2005.  He was released from

the Federal Correctional Institution in Morgantown, West Virginia, in the fall of 2005.  Petitioner

is currently serving three years of supervised release.[4]  He raises the following claims of

ineffective assistance of counsel[5]:

(1)      Counsel failed to object to the PSI Report;

(2)      Counsel failed to have the December 16, 2002 sentencing hearing transcribed so

that it was able to be reviewed on appeal;

(3)      Counsel failed to object to the eight-level sentencing enhancement pursuant to

U.S.S.G. § 2C1.1(b)(2)(B);

---

[4]  Although Petitioner is not currently incarcerated, he may pursue the instant section
2255 motion because he is serving a term of supervised release.  See United States v. Essig, 10
F.3d 968, 970 n.3 (3d Cir. 1993) (holding that section 2255 petitioner was "in custody" for
purpose of the statute because he was serving term of supervised release); Kravitz v.
Pennsylvania, 546 F.2d 1100, 1101 (3d Cir. 1977) ("Besides those in actual confinement, the
custody prerequisite [pursuant to section 2255] has been held to encompass those on probation,
on parole, and those on bail." (internal citations omitted)).

[5]  Petitioner did not raise any of the instant claims on appeal to the Third Circuit.
However, although a petitioner generally cannot raise a claim in a section 2255 motion that he
did not raise on direct appeal unless he shows cause and prejudice, he is able to pursue
ineffective assistance of counsel claims in the instant motion.  See Massaro v. United States, 538
U.S. 500, 504 (2003).

>    (4)    Counsel failed to object to the two-level sentencing enhancement pursuant to

>           U.S.S.G. § 2C1.1(b)(1);

>    (5)    Counsel failed to object to the two sentencing enhancements imposed by the

>           Court pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005);[6] and

>    (6)    Counsel failed to concede his own ineffectiveness at trial on appeal.

For the following reasons, Petitioner's claims are dismissed without an evidentiary

hearing.[7]

## II.    <u>Legal Discussion</u>

### A.    <u>The § 2255 Standard</u>

A prisoner in federal custody may file a motion in the trial court challenging the validity

of his sentence.  28 U.S.C. § 2255; <u>Morelli v. United States</u>, 285 F. Supp. 2d 454, 458 (D.N.J.

2003).  Pursuant to section 2255, a prisoner shall be released from custody if the sentence "(1)

was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a

court lacking jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is

otherwise subject to collateral attack."  <u>Morelli</u>, 285 F. Supp. 2d at 458 (citing 28 U.S.C. § 2255).

To establish a right to habeas corpus relief, a prisoner must demonstrate that the sentence has a

---

[6]  This issue is discussed in section II.C., outside of the rubric of ineffective assistance of counsel, because as discussed below, the <u>Booker</u> claim is dismissed for procedural reasons.

[7]  An evidentiary hearing is not required in this case because the Court finds Petitioner's claims to be without merit.  <u>See, e.g.</u>, 28 U.S.C. § 2255 (indicating that a hearing is not required if the files and records conclusively show that the prisoner is not entitled to relief); <u>Solis v. United States</u>, 252 F.3d 289, 295 (3d Cir. 2002) (stating that a habeas petitioner is not entitled to an evidentiary hearing if his claims are "contradicted conclusively by the record" or if the allegations are "patently frivolous"); <u>Hargrove v. United States</u>, No. 04-2992, 2006 WL 2096078, at *5 (D.N.J. July 27, 2006) (declining to hold evidentiary hearing where habeas petitioner's claims were meritless).

fundamental defect resulting in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.  See, e.g., United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989); Morelli, 285 F. Supp. 2d at 459 (citations omitted).  Given Petitioner's *pro se* status, the Court construes his motion liberally.  See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972).

**B.**   **Ineffective Assistance of Counsel Claims**

The Supreme Court announced the standard for reviewing a claim of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984).  First, a petitioner must show that counsel's performance was deficient.  Id. at 687.  In determining whether counsel's performance was deficient, the reviewing court must ask whether, considering all the circumstances, counsel's assistance was reasonable under prevailing professional norms.  Id. at 688.  Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.

Second, the petitioner must show that the deficient performance of counsel prejudiced the defense.  Id. at 691-92.  To establish prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694; Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992).  Thus, the ultimate focus of the prejudice prong in Strickland is whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."  Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).  The Supreme Court has emphasized that unreliability or unfairness only results if the ineffectiveness of counsel deprives a petitioner of a substantive or procedural right to which he is entitled under the law.  See id.

7

With regard to appellate counsel, the Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal of right.  Evitts v. Lucey, 469 U.S. 387, 396-97 (1985).  Claims of ineffective assistance of appellate counsel are evaluated under the Strickland standard discussed above.  See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004); Wright v. Vaughn, No. 00-3822, 2004 WL 1687865, at *6 n.10 (E.D. Pa. July 26, 2004).  Appellate counsel does not have a duty to advance every non-frivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 752-54 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

### 1.    Failure to Object to the PSI Report

Petitioner's claim that counsel was ineffective because he failed to object to the PSI Report must be dismissed because Petitioner provides no factual basis to support this contention. Specifically, Petitioner neither mentions any theory as to why counsel should have made an objection to the PSI Report nor disputes any of the facts contained in the report.  Therefore, counsel's performance was not deficient.  Without establishing the requisite factual basis, Petitioner likewise fails to show that he was prejudiced in this regard.  Accordingly, this claim is dismissed.  To the extent Petitioner is arguing that counsel should have objected to the two sentencing enhancements recommended by the Probation Office in the PSI Report, such claims are discussed section II.B.3 below.

### 2.    Failure to Have the Sentencing Hearing Transcribed

Petitioner's claim that counsel was deficient for failing to have the sentencing hearing

8

transcribed so that it was reviewable on appeal must also be dismissed because it is contradicted by the electronic docket in Petitioner's criminal case, <u>United States v. Vidal</u>, No. 00-cr-00412-JAP.  The docket reveals that on May 22, 2003, Petitioner requested the transcript of the sentencing hearing.  The docket also reveals that the transcript was filed on June 4, 2003.  Furthermore, the docket states that the record was certified and transmitted to the Honorable Marjorie O. Rendell, who presided over Petitioner's appeal, on October 15, 2003.  Thus, counsel was clearly not deficient in this regard.  Similarly, Petitioner fails to demonstrate any prejudice.  He neither indicates which, if any, portions of the transcript were missing nor how such would have affected the outcome of his appeal in which the Third Circuit reviewed the denial of Petitioner's motion to suppress and the sufficiency of evidence to support his Hobbs Act conviction.  Thus, this claim is also dismissed.

### 3.     Failure to Object to Sentencing Enhancements

Petitioner's claim that counsel was ineffective for failing to object to the Court's imposition of two sentencing enhancements based on the Probation Office's recommendation in the PSI Report must be dismissed because the record indicates that the sentencing enhancements were warranted, and thus, Petitioner cannot satisfy the <u>Strickland</u> test.  Specifically he argues that his counsel (1) failed to object to the PSI Report in reference to the eight-level enhancement pursuant to U.S.S.G. § 2C1.1(b)(2)(B); and (2) failed to object to the two-level enhancement pursuant to U.S.S.G. § 2C1.1(b)(1).

### a.     Eight-Level Enhancement Pursuant to U.S.S.G. § 2C1.1(b)(2)(B)

Petitioner's claim that appellate counsel was ineffective for failing to object to the eight-level enhancement pursuant to section 2C1.1(b)(2)(B) must be dismissed because Petitioner was

an official holding a high-level decision-making and a sensitive position.  A district court may increase a defendant's offense level by eight levels "if the offense involved a payment for the purpose of influencing an elected official or any official holding a high-level decision-making or sensitive position."  U.S.S.G. § 2C1.1(b)(2)(B).  Section 2C1.1 specifically applies to "extortionate conduct, by, among others, officials and employees of state and local governments."  U.S.S.G. § 2C1.1 comment. (backg'd).  Further, the commentary to section 2C1.1 indicates that the section applies to situations where a city building inspector demands money in return for favorable treatment on construction permits.  See U.S.S.G. § 2C1.1 comment. (backg'd).[8]

Petitioner's position as a construction official and electrical inspector for several Hudson County municipalities constitutes a high-level decision-making and sensitive position pursuant to section 2C1.1(b)(2)(B).  Petitioner was the sole official in the county who performed electrical and other construction inspections and ultimately approved the work.  His authority in this regard was unreviewed.  His victims testified at trial that they knew that they could not open or reopen their businesses until Petitioner performed his inspection.  Extortion victim Ceasar Gonzalez specifically testified that Petitioner told him "he would not get approval unless [Petitioner] felt like it, that he was the authority of the town and he would shut them down if he felt like it."  Thus, the Court finds that contrary to Petitioner's assertions, the Court's imposition of an eight-

---

[8]  The commentary states, "[s]ection 2C1.1 applies to . . . Hobbs Act extortion . . . .  The panoply of conduct that may be prosecuted under the Hobbs Act varies from a city building inspector who demands a small amount of money from the owner of an apartment building to ignore code violations to a state court judge who extracts substantial interest-free loans from attorneys who have cases pending in his court.  U.S.S.G. § 2C1.1 comment. (backg'd).

level sentencing enhancement pursuant to section 2C1.1(b)(2)(B) was valid.  See, e.g., United States v. Reneslacis, 349 F.3d 412, 416 (7th Cir. 2003) (holding that defendant, an official with the Immigration and Naturalization Service who had nearly unreviewable power over who would become a permanent resident and eventually a United States citizen held a sensitive position pursuant to section 2C1.1(b)(2)(B) and thus was subject to sentencing enhancement); United States v. Gatling, 96 F.3d 1511, 1525-26 (D.C. Cir. 1996) (holding that defendant, an administrator of public housing program who had nearly unreviewable power over issuance of housing subsidies was a high level official pursuant to section 2C1.1(b)(2)(B) and thus subject to a sentencing enhancement).

Accordingly, Petitioner's counsel was not ineffective because Petitioner fails to establish either prong of the Strickland.  Counsel was not deficient in failing to object to the eight-level sentencing enhancement because Petitioner held a high-level and sensitive position in his role as primary electrical and construction inspector. Even if counsel did fail to object in this regard, Petitioner has not established that he was prejudiced.  Thus, this claim is dismissed.

### b.    Two-Level Enhancement Pursuant to U.S.S.G. § 2C1.1(b)(1)

Petitioner's claim that counsel was ineffective for failing to object to the two-level sentencing enhancement pursuant to section 2C1.1(b)(1) must be dismissed because Petitioner's extortion of victim Ceasar Gonzalez involved more than one bribe.  A two-level sentencing enhancement is appropriate "if the offense involved more than one bribe or extortion."  U.S.S.G. § 2C1.1(b)(1).  The commentary to section 2C1.1 states that "[r]elated payments that, in essence, constitute a single payment of bribery or extortion (e.g., a number of installment payments for a single action) are to be treated as a single bribe or extortion, even if charged in separate counts."

See U.S.S.G. § 2C1.1 comment. (n. 6).  Petitioner argues that the Court's imposition of the two-level sentencing enhancement was improper because the payments involved were related and thus, they constituted a single bribe.

The Court finds that the two-level sentencing enhancement was proper because Petitioner received multiple bribes from Mr. Gonzalez.  According Mr. Gonzalez's testimony, the first bribe occurred in 1996 when Petitioner refused to approve electrical plans which delayed renovation work and the opening of a medical facility.  Petitioner approved the work the same day Gonzalez paid him $80.00.  The second bribe from Mr. Gonzalez to Petitioner, which amounted to $100.00, occurred during the summer of 1998 and was for a separate inspection.  Thus, the two instances of bribery were two years apart, varied in amount, and were made to influence separate actions.  Contrary to Petitioner's assertions, the bribes clearly do not bear the hallmarks of installment payments.   Plaintiff fails to allege any facts to prove otherwise.  Accordingly, the Court's imposition of the two-level sentencing enhancement was justified.  See United States v. Arshand, 239 F.3d 276, 280-83 (2d Cir. 2001) (finding that bribes given by plaintiff to housing inspector were multiple bribes under section 2C1.1(b)(1) where the bribes did not bear the hallmarks of installment payments and instead were undisputedly intended to influence separate actions); see also United States v. Weaver, No. 05-1743, 175 Fed. Appx. 506, at *11-13 (3d Cir. Mar. 10, 2006) (applying the Arshand standard and finding that defendant was subject to two-level enhancement under section 2C1.1(b)(1) because the bribes he accepted were for different amounts, did not appear to be installments, and were made to influence multiple acts).

Petitioner's counsel was therefore not ineffective because neither element of the

Strickland test can be satisfied.  Counsel's failure to object to the two-level enhancement cannot be deficient considering that the payments were clearly multiple bribes.  Further, Petitioner has made no showing that he was prejudiced by counsel's conduct.  Accordingly, this claim is dismissed.

      **4.**        **Failure of Appellate Counsel to Concede his own Ineffectiveness at Trial**

Petitioner was represented by the same attorney, Peter Willis, Esq., at trial and on appeal to the Third Circuit.  Petitioner claims that his attorney was ineffective because he failed to concede his own ineffectiveness at trial.  This claim must be dismissed because Petitioner has not alleged any facts to satisfy the Strickland test.  As discussed above, Petitioner does not offer sufficient factual support to prove that counsel's performance was deficient at trial.  The Court has already determined that Petitioner's allegations of deficiency with regard to counsel's failure to object to the PSI Report, purported failure to have the sentencing hearing transcribed, and failure to object to the Court's imposition of the two sentencing enhancements are meritless.  Thus, counsel was clearly not deficient for failing to raise these issues on appeal.

Furthermore, the record reflects that counsel made a reasonable judgment on which legal issues to appeal and did in fact appeal the Court's denial of Petitioner's motion to suppress and the sufficiency of the evidence with respect to the Hobbs Act conviction to the Third Circuit.  Thus, Petitioner's claim in this regard must be dismissed because he has failed to show that counsel's performance was deficient and that he was prejudiced by counsel's actions.

**C.**      **Claim for Relief under United States v. Booker**

Petitioner also raises a claim under United States v. Booker, 543 U.S. 220 (2005).  In Booker, the Supreme Court held that district courts are not bound by the United States

13

Sentencing Guidelines but must consult them and take them into account when sentencing.  See Booker, 543 U.S. at 264; see also United States v. Severino, No. 05-3695, ---F.3d ----, 2006 WL 1889988, at *3 (3d Cir. July 11, 2006) ("In United States v. Booker, the Supreme Court held that the United States Sentencing Guidelines are advisory and that the district courts must merely consider the guidelines in imposing sentences . . . .").  In Lloyd v. United States, the Third Circuit held that Booker does not apply retroactively to motions brought pursuant to section 2255 where the judgment of conviction was final as of January 12, 2005, the date Booker was issued. 407 F.3d 608, 615-16 (3d Cir. 2005),

Petitioner's Booker claim must be dismissed because his conviction became final prior to January 12, 2005.  The Court entered Petitioner's judgment of conviction on December 16, 2002. The Third Circuit denied Petitioner's appeal on January 27, 2004.  Since Petitioner did not file a writ of certiorari in the Supreme Court, the judgment against Petitioner became final under section 2255 when the time allowed for certiorari review by the Supreme Court, namely, ninety days, expired.  See Clay v. United States, 537 U.S. 522, 525 (2003); Kapral v. United States, 166 F.3d 565, 571 (3d. Cir. 1999) (stating that if petitioner does not file a certiorari petition in the Supreme Court, the judgment of conviction becomes final ninety days from the date on which the court of appeals affirms the judgment of conviction).  Therefore, Petitioner's judgment was final on approximately April 26, 2004 which was well before January 12, 2005, the day Booker was decided.   Petitioner's claim must be dismissed.

## III.     Conclusion

For the reasons explained above, Petitioner Vidal's motion to vacate, set aside, or correct

14

his sentence under 28 U.S.C. § 2255 is denied.  The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  An appropriate order accompanies this opinion.

DATED:        August 22, 2006                              s/ Joel A. Pisano

                                                                      JOEL A. PISANO, U.S.D.J.


Orig:  Clerk
cc:     All parties
          File

15